**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 11-23257-CIV-SCOLA

REGIONS BANK,

    Plaintiff,
vs.

COMMONWEALTH LAND
TITLE INSURANCE CO.,

    Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS OR ABATE**

THIS MATTER is before the Court on the Motion to Dismiss or Alternative Motion to Abate [ECF No. 8], filed by Defendant Commonwealth Land Title Insurance Company ("Commonwealth"). For the reasons set forth below, this Motion is denied.

**Introduction**

On September 8, 2011, Plaintiff Regions Bank ("Regions") brought this action against Commonwealth for breach of contract and declaratory relief regarding Commonwealth's obligation under a title insurance policy to defend and/or indemnify Regions in a related state court foreclosure proceeding. The state court proceeding, which was filed on July 23, 2010, involves Regions attempt to foreclose on a mortgage and to determine priority of its mortgage interest in relation to other claimed interests in the property. Although Commonwealth was not a party to the state court proceeding originally, it sought to intervene. On January 31, 2012, however, the state court judge denied Commonwealth's motion to intervene. It later denied a motion for reconsideration of that order as well. At this time, Commonwealth is appealing the denial of its request to intervene. Also of relevance here is a lawsuit that Commonwealth filed, on September 30, 2011, in Florida state court. That action, like Commonwealth's putative intervenor complaint, seeks a declaration of coverage under the title insurance policy and reformation of the policy. Commonwealth's state court suit was removed to federal court in the Middle District of Florida and subsequently transferred to the undersigned.

The issue presently before the Court is whether this lawsuit should be dismissed or stayed pending resolution of Region's state court action. Commonwealth argues that dismissal or abatement is necessary because the two cases involve identical dispositive issues and there would be a substantial duplication of effort if they were to proceed separately. Commonwealth also contends that inconsistent adjudications in the state and federal forums may result absent dismissal here. According to Commonwealth, the central issue in both the state and federal cases is whether Regions consented to the priority of other interests in the subject property, thereby barring any coverage under the title policy. Regions responds that dismissal or abatement is unwarranted because abstention is only appropriate where the state and federal proceedings are "parallel" – which is to say that they involve the same issues between the same parties – and in this instance the parties are not the same, nor are the issues identical. Regions further argues that its right to obtain an expeditious determination of coverage will be hampered if this action is abated because the state litigation is proceeding very slowly due to the backlog of cases in Florida's state court system. Regions also contends that Commonwealth has not met the applicable standard for abstention, as this case does not solely involve a declaratory claim, but also seeks relief for breach of contract.

## **Legal Standards**

The Declaratory Judgment Act, 28 U.S.C. § 2201, is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). "It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). "District courts have substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." *Great Lakes Reins. (UK) PLC v. TLU Ltd.*, 298 F. App'x 813, 814 (11th Cir. 2008) (citation omitted).

Consistent with these principles, the Eleventh Circuit has outlined nine factors that a district court may consider in determining whether to accept or decline jurisdiction under the Declaratory Judgment Act when a related state action is pending:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*See Ameritas*, 411 F.3d at 1330-31.  This list of factors is neither absolute nor exclusive, and no "one factor is controlling."  *See Great Lakes*, 298 F. App'x at 815.  Indeed, the Court has no obligation to consider each and every factor on the list and it is free to consider any other factors it deems relevant or significant.  *See id.* at 815-16.

In cases where declaratory relief is not at issue, the district court must apply the more stringent test from *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), to determine whether to abstain or dismiss.  Under *Colorado River*, a district court may dismiss or stay an action where there is an ongoing parallel action in state court only in "exceptional circumstances."  *See Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004).  This rule provides for an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."  *Colorado River*, 424 U.S. at 813.  In determining whether "exceptional circumstances" exist, the district court should consider the following factors:

> (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.

*Moorer*, 374 F.3d at 997 (citations omitted). "The decision whether to dismiss does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."  *Id.* (citation omitted).

## **Legal Analysis**

The Court will not dismiss or stay this action in favor of the related state court litigation. Because this case presents both declaratory and non-declaratory relief, the Court must first consider which abstention standard to apply. If Regions was seeking declaratory relief only, then the Court would obviously apply the less stringent standard from *Wilton* in deciding whether dismissal or abatement is appropriate. It is equally clear that the Court would apply the more exacting *Colorado River* standard if this case involved only non-declaratory claims. But where, as here, the lawsuit presents both declaratory and non-declaratory claims, the question is more complicated.

"This issue has received different treatment in the courts of appeals that have addressed it," *see R.R. Street & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009), and it appears to be an open question in this Circuit, *see Lexington Ins. Co. v. Rolison*, 434 F. Supp 1228, 1236 (S.D. Ala. 2006) ("No party has identified, and this Court has not found, any Eleventh Circuit authority tackling this thorny question."). Several approaches have emerged from the other circuits. *See R.R. Street*, 569 F.3d at 715. For example, some circuits hold that the *Wilton* standard is never applicable where non-declaratory claims are joined with declaratory ones, and that the abstention decision must be reached by reference to *Colorado River* only. *See New England v. Barnett*, 561 F.3d 392, 395 (5th Cir. 2009); *United States v. City of Las Cruces*, 289 F.3d 1170, 1181-82 (10th Cir. 2002); *Village of Westfield v. Welch's*, 170 F.3d 116, 125 n.5 (2d Cir. 1999). Other circuits consider whether the non-declaratory claims are independent of any claim for purely declaratory relief; if so, then *Wilton* does not apply. *See Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1226 n.6 (9th Cir. 1998); *R.R. Street*, 569 F.3d at 715. Still other courts follow an "essence of the lawsuit" or "heart of the action" test that looks to whether the outcome of the non-declaratory claims hinges upon the outcome of the declaratory ones; if so, then *Wilton*'s standard governs; if not, then *Colorado River* applies. *See Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008); *Nissan N. Am., Inc. v. Andrew Chevrolet, Inc.*, 589 F.Supp.2d 1036, 1040 (E.D. Wis. 2008); *Lexington Ins.*, 434 F.Supp.2d at 1238.

Ordinarily where there is no governing rule from the Eleventh Circuit and other circuits have taken divergent approaches, the Court is tasked with either adopting one of the existing rules or fashioning a new rule of its own. *Cf. D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1235 (11th Cir. 2005). Under the circumstances here, however, the Court finds that it need do neither. Even assuming the more lenient *Wilton* standard applies, "in order to consider the propriety of a stay pending disposition of state court actions, the federal and state cases must be parallel, meaning that they involve the same parties and the same issues." *Exxon Corp. v. St. Paul Fire &Marine Ins. Co.*,

129 F.3d 781, 785 (5th Cir. 1997); *see also Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004) (federal and state proceedings must involve "substantially the same parties and substantially the same issues"). "[I]f a suit is not parallel to a state court suit, then the [*Wilton* abstention doctrine] does not apply, and the court need not analyze its nine factors." *Sparta Ins. Co. v. Smith*, 2011 WL 2175103, at *2 (M.D. Ala. June 3, 2011).

Here, the Court finds that the state court action is not truly "parallel" because Commonwealth is not a litigant in the state court proceeding. *See Amerisure Ins. Co. v. R.L. Lantana Boatyard, Ltd.*, 2010 WL 4676503, at *2 (S.D. Fla. Nov. 9, 2010) (dismissal or abstention under *Wilton* precluded where the parties are not the same in the state and federal actions); *see also Nacol v. Keith Wood Agency, Inc.*, 750 F. Supp. 1128, 1130 (M.D. Fla. 1990). As Commonwealth concedes in its papers, "the relief it requests is conditioned upon Commonwealth being permitted to intervene in the State Court Litigation." Reply at 2 n.1. That has not happened. Indeed, Commonwealth's request for intervention was denied, and so was its request for reconsideration of that decision. Although Commonwealth has apparently taken an appeal of that order, the Court must deal with the case as it exists right now and Commonwealth is not presently a party in state court. *See Nacol*, 750 F. Supp. at 1130 ("This Court is unwilling to assume the [state] court will allow intervention by the Defendants. This factor weighs against a stay."). Absent Commonwealth's involvement in the state court proceeding, there is no assurance that the issues raised in this case will be fully and properly litigated there.

The Court also finds that this action is not "parallel" as to the issues raised in the state court litigation. Here, Regions seeks a declaration of coverage under a title insurance policy and asks the Court to declare that Commonwealth is obligated to tender a defense of Regions or indemnify it in the state court action. Regions also seeks damages for breach of contract. In the state court proceeding, by contrast, the central issue is whether other property interests are superior to Regions's mortgage interest. While this issue may be relevant to Commonwealth's obligations under the title policy, it is not substantially the same. Nor is it the only issue presented here.

If anything, the parties will benefit from a prompt determination in this Court as to Commonwealth's obligations under the policy. Otherwise, Regions may be forced to litigate the state court proceeding on its own dime, only later to find out that Commonwealth was obligated to defend it. As Regions correctly suggests:

> Regions will continue to incur attorneys' fees in the State Litigation until the Court makes a coverage decision regarding the Title Policy. Regions seeks a speedy resolution of the Title Policy coverage issue, but Commonwealth is seeking to posture the dispute so a court will not make a coverage decision until the State court first resolves the underlying litigation between Regions and Freeman. If Commonwealth's procedural tactics are successful, it may take years before Regions obtains a coverage decision, during which time Regions will continue to incur attorney's fees, which Commonwealth is obligated to pay.

Resp. at 19. While the Court obviously makes no determination on the merits of the coverage dispute here, the specter of a belated coverage decision and the prejudice to Regions associated therewith is enough to warrant denial of Commonwealth's request for abstention. Moreover, even if the Court finds that the policy affords no coverage, Commonwealth will likewise benefit from an early determination that it need not tender a defense or indemnify.

## Conclusion

For the reasons stated above, Commonwealth is not entitled to dismissal or abatement of this action. Because the parties and issues are not parallel, the Court need not toil with the more nettlesome question of which abstention standard to apply; dismissal or abatement of this federal action is simply not appropriate. Accordingly, it is hereby **ORDERED and ADJUDGED** that the Motion to Dismiss or Abate [ECF No. 8] is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida on April 4, 2012.

_____
ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of record