UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-23257-CIV-SCOLA/GARBER

REGIONS BANK,

    Plaintiff and Counterclaim Defendant,

v.

COMMONWEALTH LAND
TITLE INSURANCE CO.,

    Defendant and Counterclaim Plaintiff,

_____/

## REPORT AND RECOMMENDATIONS

    THIS CAUSE is before the Court by Orders of Reference from United States District Court Judge Robert N. Scola. (DE 88 & 97.) Pursuant to such references, the Court has received: plaintiff Regions Bank's Motion to Strike Defendant's, Commonwealth Land Title Insurance Company, Third-Party Claim Against Freeman or, Alternatively, to Drop Freeman as a Party, and Supporting Memorandum of Law (DE 70) and the concomitant response and reply thereto; and third-party defendant Paul Freeman's Motion to Dismiss Third Party Complaint (DE 73) and Commonwealth's response thereto. The Court held a hearing on these motions on August 16, 2012. For the reasons set forth below, the Court recommends striking Commonwealth's claim against Freeman.

**I.**    **Background**

    A mortgage on real property located in Lee County, Florida was assigned to Regions Bank on March 30, 2006. The prior mortgage holder had obtained a title insurance policy from

Commonwealth. By endorsement to the policy, Commonwealth acknowledged the assignment of the mortgage and agreed to change the name of the insured to Regions.

Four years later, in July 2010, Regions sought to foreclose on the property securing its mortgage in state court. Aware that Freeman intended to assert a superior security interest in the property, by way of a number of other transactions relating to the property, Regions joined Freeman in that action. Freeman answered Regions's state court complaint, denying that Regions's mortgage was superior to his interest and raising other affirmative defenses. Thereafter, Regions made a demand for coverage under the policy with respect to Freeman's assertions of priority. Commonwealth denied coverage and refused to defend Regions against Freeman's claims.

Following Commonwealth's denial, Regions filed, in this district, a claim for breach of contract against Commonwealth and sought a declaration that Commonwealth was obligated to defend Regions in the foreclosure action and to indemnify Regions against any loss that it may incur should Freeman's interest be found superior.

After an unsuccessful attempt to have Regions's complaint in this action dismissed, Commonwealth filed its Answer, Defenses, Affirmative Defenses, Counterclaim and Third Party Claim. (DE 57.) In its answer, Commonwealth asserts, as one of its affirmative defenses to Regions breach of contract claim, that the interest claimed by Freeman falls within an exclusion in the policy pertaining to encumbrances assumed or agreed to by Regions. In Count I of its counterclaim, Commonwealth seeks reformation of the policy on the grounds of mutual mistake. In Count II, which Commonwealth refers to both as a counterclaim (as against Regions), as well as a third-party claim (as against Freeman), Commonwealth seeks a declaration that Regions is not entitled to coverage with respect to Freeman's lien because Regions voluntarily agreed to that lien's superiority.

**II.     Issues**

In one of the motions under consideration, Regions seeks to strike Commonwealth's "third-party claim," Count II, against Freeman or, alternatively, to drop Freeman as a party. (DE 70.) Freeman, by his motion, seeks essentially the same (DE 73), however, he has also joined Regions in a third motion, in which Regions seeks, in part, to have Commonwealth's Count II dismissed in its entirety (DE 71.).

Commonwealth maintains that it has complied with both the impleader (Rule 14) as well as the joinder (specifically Rules 13 and 19) requirements of the Federal Rules of Civil Procedure. In support of its argument for adding Freeman to this action, Commonwealth relies primarily on its concern about inconsistent rulings issuing from the federal action on the one hand and the state action on the other. According to Commonwealth, the Court should deny both Freeman and Regions's motions because proceeding with all three parties together in one action would at the same time promote judicial efficiency, while avoiding the possibility of prejudicing the parties as a result of inconsistent rulings. Furthermore, Commonwealth maintains, the Court's analysis here is controlled by Florida law which mandates the adding of Freeman to this action.

To the contrary, Freeman and Regions argue that Freeman is not a proper party under Rules 13, 14, 19, or 20. To this end, Freeman and Regions point out that the standard for adding a party, whether through impleader or joinder, does not depend on whether there is a possibility of inconsistent results. Instead, they submit that, because Freeman's interest in the property does not have a bearing on the policy dispute between Commonwealth and Regions, adding Freeman to this case would be antithetical to the standards set forth in the rules. Both Freeman and Regions also suggest that, aside from its substantive infirmities, Commonwealth's attempt to join Freeman should be defeated because it fails to comply with Judge Scola's scheduling order which set March 16, 2012 as the deadline for joining additional parties.

**III.     Discussion**

    A.     **Federal Rules of Civil Procedure 14**

In urging the Court to accept its attempt to bring Freeman into this case through impleader, Commonwealth focuses primarily on the timeliness of its complaint, with an occasional reference to judicial economy thrown in for good measure. What Commonwealth does not do, however, is make any reference to Rule 14's requirement that the newly added party be, or at least perhaps be, "liable to [the defending party] for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Under no conceivable scenario would Freeman ever be liable to Commonwealth for the claims made against Commonwealth by Regions. No measure of timeliness will cure this basic defect in Commonwealth's attempt to implead Freeman under Rule 14.

    B.     **Joinder and Rules 13(h) and 19**

Alternatively, Commonwealth looks to the rules regarding joinder to support its endeavors to add Freeman as a party. Under Rule 13(h), where there is a counterclaim to which one party seeks to add others, Rules 19 and 20 govern. Commonwealth concedes that Freeman could not be joined under Rule 20, "Permissive Joinder of Parties," and has not raised any arguments in that regard but focuses only on Rule 19, "Required Joinder of Parties." There are two avenues for joinder under Rule 19. Commonwealth argues only that Freeman satisfies the requirements of the first, under Rule 19(a)(1)(A) and thereby appears to concede that 19(a)(1)(B) does not apply.

As set forth by Rule 19(a)(1)(A), Freeman must be joined if, "in [his] absence, the court cannot accord complete relief among existing parties." In support of joinder, Commonwealth points to the possibility of inconsistent rulings as between the state action and this federal action. This possibility, Commonwealth concludes, "will deprive Commonwealth and Regions from complete relief." (DE 76, 13; DE 85, 9.) In trying to make its point, Commonwealth has presented the Court

with comprehensive charts laying out the assortment of outcome combinations possible depending on how each court might rule on the issue of whether Regions had notice or not of Freeman's allegedly superior interest or some variation thereof. Undermining its argument, however, is Commonwealth's failure to cite a single case that supports its contention that the possibility of contrary results in different fora equates to a court's inability to accord complete relief in the case before it. Commonwealth mistakenly equates according "complete relief among existing parties" with solving the universe of possible controversies between the parties even if many of those issues aren't actually before the court.

In reply, Regions and Freeman explain that the exclusion of Freeman, who simply has no interest in the title policy, from this case will not prevent the Court from determining whether Commonwealth has a duty to defend and indemnify Regions under the title policy. There is no support for Commonwealth's contention that the possibility of inconsistent rulings from multiple fora satisfy the requirements of Rule 19(a)(1)(A). And, as at least one court has explained, albeit under an analysis of section (a)(1)(B)(ii), rather than (a)(1)(A), of Rule 19 that section (B)(ii) "protects against inconsistent obligations, not inconsistent adjudications; under the rule a person is protected against situations in which there would be two court orders and compliance with one might breach the other." *Michael v. Haralson*, 586 F. Supp. 169, 171 (E.D. Pa. 1983). Although not controlling, the Court finds that case to highlight the flaws in Commonwealth's pitch for joinder. There is nothing about Freeman's interest in the real property that would prevent Commonwealth and Regions from fully litigating their coverage dispute without adding Freeman to the case.

    C.    **Florida Law**

In an attempt to get around its inabilities to satisfy the standards of the Federal Rules of Civil Procedure, Commonwealth looks to Florida case law to bolster its position. To that end,

Commonwealth pins its hopes to a Florida Fifth District Court of Appeal case in which the court found it essential that an injured party be joined to a declaratory action brought by a liability insurance carrier against its insured. *Allstate Ins. Co. v. Conde*, 595 So. 2d 1005, 1008 (Fla. 5th DCA 1992). Commonwealth insists that the *Conde* case is "legally indistinguishable" from this matter and that it should control the Court's decision; not the Federal Rules of Civil Procedure. (DE 85, 6.) In support of this supposition, Commonwealth points to various factual issues that the federal matter and the state matter have, or may have, in common. Proceeding with all three parties joined in the same action, Commonwealth submits, will foster judicial efficiency and will "ensure a speedy and comprehensive determination of all affected parties' rights." (DE 76, 11; DE 85, 7.)

Commonwealth, however, does not offer any support for its conclusion that state law controls the Court's decision on this procedural issue. Instead, Commonwealth, in essence, urges the Court to apply its discretion to add Freeman to this case, despite the procedural hurdles that would otherwise prevent it. But the Court cannot rely on its discretion to reshape or altogether disregard the fundamental requirements of the Federal Rules of Civil Procedure. *Guideone Elite Ins. Co. v. Old Culter Presbyterian Church, Inc.*, 420 F.3d 1317, 1324-25 (11th Cir. 2005). As discussed above, adding Freeman as a third-party defendant in this case simply does not comport with the plain language of Rule 14. Further, since 1968, it has been well settled that Rule 19, and not state law, governs the process of joinder in federal court. *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 n. 22 (1968). While state law helps inform the Court's substantive determination of the nature of a party's interest in a particular controversy or in the subject matter of a dispute, state law does not control a federal court's application of a procedural rule. *See Shetter v. Amerada Hess Corp.*, 14 F.3d 934, 937 (3d Cir. 1994). Commonwealth's reliance on *Conde* then is wholly misplaced.

### **IV.** **Conclusion**

Based upon the above considerations and findings, Commonwealth has not established a basis upon which to draw Freeman into this action. Further, Commonwealth's attempt at joining Freeman was also untimely: Judge Scola had set a deadline of March 16, 2012 by which additional parties were to be joined which Commonwealth missed by over a month. Regardless of whether Commonwealth can establish excusable neglect for missing the deadline, upon which the Court does not opine, it cannot show good cause for modifying the scheduling order since the claim against Freeman is simply not viable.

Accordingly, the Court respectfully

RECOMMENDS granting Freeman and Regions's motions to strike Commonwealth's Count II as against Freeman. (DE 70 and 73, respectively.) To the extent, however, that Freeman seeks to have Count II dismissed in its entirety, the Court RECOMMENDS that that be denied as moot since, having not been joined, Freeman has no interest in this case.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have fourteen days from the date of this Report and Recommendation within which to file written objections, if any, with the Honorable Robert N. Scola, United States District Judge. *See also* 28 U.S.C. § 636. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

DONE AND SUBMITTED in Chambers at Miami, Florida this 22nd day of August 2012.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE