## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23257-CIV-SCOLA

REGIONS BANK,

      Plaintiff,

vs.

COMMONWEALTH LAND
TITLE INSURANCE CO.,

      Defendant.

_____/

### ORDER DENYING MOTION TO DISMISS OR STRIKE

    THIS MATTER is before the Court on the Motion to Dismiss Count I and to Dismiss or Strike Count II of Counterclaim [ECF No. 71], filed by Plaintiff/Counterclaim-Defendant Regions Bank ("Regions").   For the reasons set forth below, this motion is denied.

### Introduction

    This consolidated action concerns whether Commonwealth Land Title Insurance Company ("Commonwealth") is obligated under a title insurance policy to defend and/or indemnify Regions in a related state court foreclosure proceeding.  The state court proceeding involves Regions's attempt to foreclose on a mortgage and to determine priority of its mortgage interest in relation to other claimed interests in the property held by non-party Paul Freeman. Regions contends that its mortgage is a first priority lien against the subject property, superior to Freeman's interests, and that Commonwealth has improperly refused to cover and defend Regions in the state court action.

    Commonwealth answered Regions's Complaint, and also raised certain affirmative defenses and a Counterclaim.  The Counterclaim seeks reformation of the title insurance policy (Count I) and a declaration that Regions's mortgage falls within a coverage exclusion under the policy (Count II).  In the reformation count, Commonwealth alleges that a policy endorsement making Regions's mortgage superior to other claimed interests was the product of a scrivener's error and that, in actuality, the parties agreed to just the opposite – *i.e.*, that Regions's mortgage would be subordinate to such other interests.  In support of this claim, Commonwealth attaches

to its Counterclaim various correspondence between Commonwealth's policy issuing agent, Steven Greenfield, Esq., and Regions's transactional attorney, Karen Rundquist, Esq., in which the parties purportedly agreed that Regions's mortgage would be inferior to the other claimed interests in the property.[1]  So, according to the Counterclaim, the endorsement at issue was executed in error and should be reformed to reflect the parties' true agreement, as set forth in the attached correspondence.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Regions moves to dismiss the reformation claim (Count I) of Commonwealth's Counterclaim on the grounds that it fails to allege sufficient facts to show that Rundquist, as Regions's transaction attorney, had the actual or apparent authority to agree to subordinate Regions's mortgage to the other interests.  Regions also seeks dismissal of the declaratory relief claim (Count II) because it is purportedly duplicative of Commonwealth's sixth affirmative defense.  Alternatively, Regions would have the Court strike this latter count under Federal Rule of Civil Procedure 12(f) for the same reason.

## Legal Standards

### A. Motion to Dismiss Standard

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Great Am. Assurance Co. v. Sanchuk, LLC*, 2012 WL 195526, at *2 (M.D. Fla. Jan. 23, 2012) (Hernandez Covington, J.).  When considering a motion to dismiss under Rule 12(b)(6), the district court must accept all of the allegations as true, construing them in the light most favorable to the pleader. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Under Federal Rule of Civil Procedure 8, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must therefore articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] These attached communications are deemed incorporated into the Counterclaim and may be considered by the Court at the dismissal stage. *See, e.g.*, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (district court, in deciding motion to dismiss, considers the pleading's allegations and the documents attached thereto); *Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (district court may consider attachments to the pleadings at dismissal stage because under Federal Rule 10(c), "such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

**B. Motion to Strike Standard**

Under Federal Rule of Civil Procedure 12(f), the district court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). Yet, "courts consider striking a pleading to be a 'drastic remedy to be resorted to only when required for the purposes of justice.'" *Exhibit Icons, LLC v. XP Cos.*, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009) (Marra, J.). Motions to strike are generally viewed with disfavor, *see Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) (Cooke, J.), in part because they "waste time by requiring judges to engage in busywork and judicial editing without addressing the merits of a party's claim," *see U.S. Bank Nat'l Ass'n v. Alliant Energy Res., Inc.*, 2009 WL 1850813, at *3 (W.D. Wis. June 26, 2009) (Crabb, J.). "Motions to strike," therefore "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *See Seibel v. Society Lease, Inc.*, 969 F. Supp. 713, 714 (M.D. Fla. 1997) (Kovachevich, J.).

### Legal Analysis

As to Count I, Commonwealth has provided sufficient allegations to support a reformation claim at this stage in the proceedings. Commonwealth's reformation claim appears to hinge upon whether Rundquist, as Regions's transactional attorney, had the authority, actual or apparent, to agree on Regions's behalf that the mortgage would be subordinate to the other alleged interests. Regions argues that Count I fails to state a claim because it does not provide allegations sufficient to show that Rundquist had such authority.

This argument fails to persuade. While *Twombly* and *Iqbal* demand much, they do not require the pleader to state the obvious. *See, e.g.*, *Welch v. Theodorides-Bustle*, 677 F. Supp. 2d 1283, 1287 (N.D. Fla. 2010) (Hinkle, J.) ("*Twombly* and *Iqbal* do not require useless details; they call instead for a context-specific inquiry into the adequacy of a pleading."). Although Commonwealth does not expressly plead actual or apparent agency, it need not do so because the allegations make plain that Rundquist was Regions's transactional lawyer. Under Florida law, "an attorney is generally viewed as the agent of his client," and "[a]n act done by an agent on behalf of the principal within the scope of the agency is not the act of the agent but of the person by whose direction it is done." *See Johnson v. Estate of Fraedrich*, 472 So. 2d 1266, 1268 (Fla. 1st DCA 1985); *see also Richard Bertram, Inc. v. Sterling Bank & Trust*, 820 So. 2d 963, 965 (Fla. 4th DCA 2002) ("It is well settled that an attorney serves as an agent for his or her client," and, "[a]s such, the attorney's acts are the acts of the principal, the client"). An attorney has the actual and apparent authority to speak and act for his client as to matters "necessary or incidental to the accomplishment of the purpose of the lawyer's retention." *See Lipsig v. Ramlawi*, 760 So. 2d 170, 186 (Fla. 3d DCA 2000); *see also Tesini v. Zawistowski*, 479 So. 2d 775, 776 (Fla. 4th DCA 1985).

Thus, the question here is not whether Rundquist was acting as Regions's agent; as Regions's alleged transactional attorney, she unquestionably was. The central question instead is whether Rundquist *in fact* had been vested with the authority to do what she did. That is to say, did Regions authorize Rundquist to negotiate with Greenfield regarding the priority of the mortgage and vest in her the authority to render it subordinate to the other claimed interests? That issue goes to the merits of Commonwealth's claim, not to the sufficiency of its allegations. The extent to which Rundquist did, or did not, have actual or apparent authority to act for and bind Regions as to the mortgage's priority is a factual matter not suited for determination on motion to dismiss. Resolution of that question is for another day.

Regions also contends that clear and convincing evidence of a mutual mistake is necessary to succeed on a reformation claim and that "the Court should consider Commonwealth's extraordinarily high burden on reformation in evaluating facial plausibility under *Twombly*, particularly because Commonwealth does not request reformation for 'simple mistakes' or 'minor errors,' but rather seeks to the turn the Title Policy completely on its head[.]" *See* Regions's Reply at 3-4. This argument is mistaken. Whatever Commonwealth's burden of proof, the central inquiry at the dismissal stage is whether the pleader has presented sufficient allegations to state a claim, not whether he will win.[2] *See Deuel v. Santander Consumer USA, Inc.*, 700 F. Supp. 2d 1306, 1309 (S.D. Fla. 2010) (Cohn, J.) ("A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Accordingly, a well pleaded complaint will survive a motion to dismiss 'even if it appears that a recovery is very remote and unlikely.'") (quoting *Twombly*, 550 U.S. at 555-56); *see also Innovative Strategic Commc'ns, LLC v. Viropharma, Inc.*, 2012 WL 3156587, at *7 (M.D. Fla. Aug. 3, 2012) (Hernandez Covington, J.) ("Whether Plaintiff can actually prove the elements of the cause of action based on the evidence in this case, as Defendant contends it cannot, is more appropriately considered at the summary judgment stage."). Here, Commonwealth has alleged enough to move on.

As to Count II, the Court finds no occasion to dismiss or strike. Initially, the Court does not necessarily agree that the declaratory relief count is purely duplicative of Commonwealth's sixth affirmative defense. Commonwealth's affirmative defense alleges that Regions's breach of contract claim fails for lack of consideration because Freeman's interests fall within a policy exclusion for encumbrances assumed or agreed upon by Regions. Count II of the Counterclaim, on the other hand, seeks a declaration that Freeman's claimed interests do in fact fall within that policy exclusion. The affirmative defense and declaratory count appear related in that they both require reference to the same policy exclusion, but they are not exactly the same: Count II of the Counterclaim does not, on its face, concern a lack of consideration contract defense. *See U.S. Bank Nat'l Ass'n*, 2009 WL 1850813, at *3.

---

[2] The Court here expresses no opinion on the ultimate merits or proveability of such a claim, nor does it opine on whether the correspondence attached to the Counterclaim in fact shows that Rundquist or Regions actually agreed that the mortgage would be subordinate. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (court proceeds "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" in resolving motion to dismiss). Those matters are not appropriately addressed at this juncture in the proceedings. *Cf. Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) ("claims lacking merit may be dealt with through summary judgment under Rule 56").

In any case, the mere fact that a declaratory relief claim may be duplicative of an affirmative defense is not enough, in and of itself, to warrant the dismissal or striking of a pleading. To be sure, mere redundancy is not grounds for dismissal under Rule 12(b)(6) for failure to state a claim. *See Kenneth F. Hackett & Assocs., Inc. v. GE Cap. Info. Tech. Solutions, Inc.*, 744 F. Supp. 2d 1305, 1310 (S.D. Fla. 2010) (Altonaga, J.). Nor does mere redundancy ***require*** the Court to strike a claim. *See Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (Jones, J.) ("District courts have broad discretion in disposing of motions to strike under Fed. R. Civ. P. 12(f).") (citation omitted). Indeed, Rule 12(f) motions to strike are often "considered purely cosmetic or 'time wasters,' and are regularly denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *See Kenneth F. Hackett & Assocs.*, 744 F. Supp. 2d at 1310 (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382) (internal quotation marks omitted). Regions has not even hinted at the slightest prejudice it would suffer here, if the declaratory relief count is allowed to remain.

As Regions points out, a few district courts elsewhere have used Rule 12(f) to weed out a redundant claim or counterclaim. *See, e.g., Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2011 WL 4948567, at  *9-*10 (N.D. Cal. Oct. 18, 2011) (Koh, J.); *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008) (Henderson, J.); *Ortho-Tain, Inc. v. Rocky Mount. Ortho., Inc.*, 2006 WL 3782916, at *3 (N.D. Ill. Dec. 20, 2006) (Leinenweber, J.). Yet, as one of Regions's cited cases concedes, "[o]ther courts have chosen, in their discretion, not to strike redundant counterclaims." *See Stickrath*, 2008 WL 2050990, at *3 n.2. In making a decision, Regions's case advises that "[t]he court should focus on whether the counterclaims 'serve any useful purpose,' and should dismiss or strike a redundant counterclaim only when 'it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim.'" *See id.* at *4 (citations omitted). Here, as explained above, the affirmative defense and declaratory count do not appear to share such "complete identity."

Moreover, if Count II of the Counterclaim really is just a mirror image of Commonwealth's sixth affirmative defense, the Court fails to see how Regions is left any worse off by Count II remaining in the case. Either way, the issues underlying the affirmative defense and declaratory count will be the subject of discovery and adjudication. *See U.S. Bank Nat'l Ass'n*, 2009 WL 1850813, at *3 ("If, as plaintiff argues, the counterclaims are truly repetitious,

then plaintiff will not have to expend much time on any additional discovery or briefing."). Again, Regions has not identified any prejudice that it will suffer if the counterclaim is not stricken. *See VW Credit, Inc. v. Friedman & Wexler, LLC*, 2010 WL 2330364, *2 (N.D. Ill. June 7, 2010) (Grady, J.) ("even if the counterclaim turns out to be an exact mirror image of [plaintiff's] claim, which seems doubtful, the fact that the counterclaim remained pending [ ] would not prejudice [plaintiff] in the slightest"). Therefore, in light of the disfavor with which motions to strike are viewed, the Court declines to remove Count II of the Counterclaim from this case. *See Seibel*, 969 F. Supp. at 714.

### Conclusion

For the reasons stated above, Regions has failed to show that Commonwealth's Counterclaim should be dismissed or stricken. Accordingly, it is hereby **ORDERED and ADJUDGED** that Regions's Motion to Dismiss Count I and to Dismiss or Strike Count II of Counterclaim [ECF No. 71] is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida on November 5, 2012.

*Copies to:*
Counsel of record

**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**