UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23257-CIV-SCOLA

REGIONS BANK,

    Plaintiff,
vs.

COMMONWEALTH LAND
TITLE INSURANCE CO.,

    Defendant.
_____/

**ORDER DENYING MOTION FOR LEAVE TO PLEAD ADDITIONAL
AFFIRMATIVE DEFENSES; GRANTING MOTION TO STRIKE**

THIS MATTER is before the Court on the Motion for Leave to Plead Two Additional Affirmative Defenses [ECF No. 151], filed by Defendant Commonwealth Land Title Insurance Co. ("Commonwealth), and the Motion to Strike Commonwealth's Answer, Affirmative Defenses, and Counterclaim in Response to Plaintiff's Amended Complaint [ECF No. 180], filed by Plaintiff Regions Bank ("Regions"). For the reasons explained below, Commonwealth's Motion for Leave is denied and Regions's Motion to Strike is granted.

**Introduction**

The deadline to amend the pleadings was March 16, 2012. On September 20, 2012, Commonwealth filed its motion for leave to plead two additional affirmative defenses. The two defenses relate to mitigation of damages and contract illegality. Commonwealth's putative mitigation defense is that:

> Regions's damages claims are barred because Regions failed to mitigate damages, if any, by rejecting Commonwealth's April 17, 2012 offer to provide a defense in the Foreclosure Case against certain defensive and affirmative assertions by Freeman and for Counts I and V of Freeman's counterclaim in the Foreclosure Case. Under a reservation of rights, Commonwealth engaged counsel to provide a defense to Regions against such claims and contentions by Freeman, but Commonwealth's offer was rejected (hereinafter "Affirmative Defense 8").

*See* Mot. ¶ 6 [ECF No. 151].  Meanwhile, Commonwealth's proposed illegality defense is that:

> Regions's claims are barred because Endorsement 5 constitutes an illegal contract.  Pursuant to § 627.784, Fla. Stat. title insurers are prohibited from issuing title insurance without regard to the possible existence of adverse matters of title.  Moreover, title insurers are prohibited from providing affirmative coverage over known claims directly or indirectly, unless the title insurer is holding security commensurate with the risk.  Rule 69O-186.005(15)(b) and (16)(g), Fla. Admin. Code.  If taken as written, rather than as a scrivener's error as asserted by Fidelity and its agent, Endorsement 5 is an illegal insurance contract.  As such, Regions cannot rely on Endorsement 5 to prosecute its claims against Commonwealth (hereinafter, "Affirmative Defense 9").

*See id.* ¶ 7.

On the same day Commonwealth filed its motion for leave, the Court allowed Regions to amend its Complaint by interlineation to reflect that two policy endorsements were allegedly issued in 2008, not 2006.  Fact discovery in this case closed on September 28, 2012.  Three days later, on October 1, 2012, without awaiting a ruling from the Court, Commonwealth filed an amended responsive pleading asserting the two additional affirmative defenses that are the subject of its motion for leave.  According to Commonwealth, the Court's order granting Regions leave to amend the Complaint by interlineation reopened the pleadings and rendered moot Commonwealth's request for leave to assert the new defenses.  Regions disagrees, arguing that Commonwealth had no right to, in essence, "grant" its own motion for leave.  Therefore, Regions asks the Court to strike Commonwealth's amended pleading.

## Legal Standards

### A. Motion to Amend Standard

When leave to amend is sought *after* the deadline to amend the pleadings has passed, the movant must do more than argue leave is due under Federal Rule of Civil Procedure 15(a). He must also show "good cause" under Federal Rule of Civil 16(b) in order to obtain the right to amend. *See Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  The standard delineated in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  *See Sosa*, 133 F.3d at 1418.  Thus, "diligence is the key to satisfying the good cause requirement."  *De Varona v. Discount Auto Parts, LLC*, 2012 WL 4039807, at *2 (S.D. Fla. Sept. 13, 2012) (Ungaro, J.).

"If the court finds that the party lacked due diligence, then the inquiry into good cause is ended." *Shehada v. City of Miami Beach, Fla.*, 2012 WL 3801726, at *2 (S.D. Fla. Aug. 30, 2012) (Lenard, J.) (citation omitted). Lack of diligence is not just shown by "a plaintiff who has full knowledge of the information with which it seeks to amend its complaint before the deadline passes," but also by "a plaintiff's failure to seek the information it needs to determine whether an amendment is in order." *See Southern Grouts & Mortars, Inc.,* 575 F.3d 1235, 1241, n.3 (11th Cir. 2009).

If "good cause" for an untimely amendment is shown under Rule 16(b), Rule 15(a) instructs that leave should be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). While this standard is lenient, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment." *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations omitted).

### B. Motion to Strike Standard

Under Federal Rule of Civil Procedure 12(f), the district court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). Although "courts consider striking a pleading to be a 'drastic remedy to be resorted to only when required for the purposes of justice,'" *see Exhibit Icons, LLC v. XP Cos.*, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009) (Marra, J.), such action is appropriate is some circumstances to remove "unnecessary clutter" from the docket, *see Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989). Striking is appropriate where, for example, a party fails to seek leave of court before filing an unauthorized pleading. *See Rogers v. Hartford Life & Accident Ins. Co.*, 2012 WL 2395194, at *1 n.1 (S.D. Ala. June 22, 2012) ("There is no doubt that striking an improper amended pleading filed without leave of court is appropriate and necessary to enforce Rule 15(a)(2)."). In the end, the decision to strike a pleading rests with the district court's broad discretion. *See Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (Jones, J.) ("District courts have broad discretion in disposing of motions to strike under Fed. R. Civ. P. 12(f).") (citation omitted).

### <u>Legal Analysis</u>

The Court rejects Commonwealth's suggestion that the non-substantive amendment of Regions's Complaint by interlineation somehow automatically reopened the pleadings and rendered moot its request for leave to assert new defenses. Commonwealth's reliance upon

*Krinsk v. Suntrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011), and *Brown v. E.F. Hutton & Co.*, 610 F. Supp. 76, 78 (S.D. Fla. 1985), is misplaced. Neither decision supports its view that the pleadings are reopened, no matter what, whenever a plaintiff files an amended complaint. In *Krinsk*, the Eleventh Circuit in fact recognized that "the filing of an amended complaint does not automatically revive all defenses or objections that the defendant may have waived in response to the initial complaint," and that the defendant is "allowed to plead anew in response to an amended complaint" only when the amended complaint "changes the theory or scope of the case." *Krinsk*, 654 F.3d at 1202. Similarly, in *Brown* the district court observed that "when a plaintiff files an amended complaint which changes the theory or scope of the case, the Defendant is allowed to plead anew as though it were the original complaint filed by the Plaintiff." *Brown*, 610 F. Supp. at 78. Those cases have no application here because Regions's amendment to the Complaint only changed the issuance date of a policy endorsement from 2006 to 2008. It did not change "the theory or scope of the case" such that Commonwealth could, *sua sponte*, raise new defenses. "If every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause. This would deprive the Court of its ability to effectively manage the litigation." *E.E.O.C. v. Morgan Stanley & Co.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002).[1]

Here, Commonwealth does not explain how, if at all, the newly raised affirmative defenses have anything to do with the fact that Regions now contends the policy endorsement was issued in 2008 instead of 2006. Commonwealth's sole argument is that the amendment "has

---

[1] To the extent that the decision in *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 418-19 (D. Del. 1970), suggests a contrary result, the Court declines to follow it. Numerous other courts have endorsed the view, followed here, that non-substantive amendments do not create a pleading free-for-all for defendants. *See, e.g.*, *Sirona Dental Sys., Inc. v. Dental Imaging Techs. Corp.*, 2012 WL 3929949, at *2 n.3 (D. Del. Sept. 10, 2012) ("the court is impressed by the weight of authority, from both judges and commentators, declining to endorse an interpretation of Rule 15(a)(3) that would throw the door open to entirely new claims and defenses each time a ministerial amendment was made to a pleading."); *Elite Entm't, Inc. v. Khela Bros. Entm't*, 227 F.R.D. 444, 446 (E.D. Va. 2005) ("the moderate, and most sensible, view is that an amended response may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint"); *see also* 3 James Wm. Moore *et al.*, Moore's Federal Practice ¶ 15.17[6] (3d ed. 2012) ("Normally, a party served with an amended pleading has the duty and the right only to 'respond' to the amendment or the changes in the amended pleading. Service of an amended pleading does not automatically re-open the time for asserting matters that should have been asserted in response to the original pleading.").

actually changed the alleged timeline of events as originally pled with respect to one of the documents [Regions] relies most heavily on to establish a duty on Commonwealth's part," and, therefore, "it is only fair that [Commonwealth] be permitted to file its amended answer too, especially since Commonwealth's [contract illegality defense] goes directly to [the policy endorsement]." Reply at 4. This line of argument is unconvincing. It does not leave the Court persuaded that Commonwealth's new defenses were in any way necessitated by an allegation that the endorsement was issued in 2008, as opposed to 2006. As such, Commonwealth was not at liberty to self-adjudicate its motion and file a new pleading without permission from the Court. *See, e.g.*, *Uniroyal Chem. Co. v. Syngenta Crop Prot., Inc.*, 2005 WL 677806, at *2 (D. Conn. Mar. 23, 2005) (when "the amended complaint does not change the scope of the action, a defendant should obtain leave of court before adding a new counterclaim that would change the scope of the case."); *Carr v. Hazelwood*, 2008 WL 4556607, at *4 (W.D. Va. Oct. 8, 2008) ("[Defendant] cannot now, as a matter of right, add a previously unmentioned affirmative defense in response to an amended complaint that in no way changes [the plaintiff's] theory of the case.").

In order to raise the two new defenses, then, Commonwealth must demonstrate "good cause" for leave to amend under Rule 16(b), which requires a showing of diligence. *See Sosa*, 133 F.3d at 1418. As to the mitigation affirmative defense, Commonwealth contends that leave to amend should be allowed because the defense was not available until June 4, 2012, when Regions declined Commonwealth's April 17, 2012 offer to defend and provide coverage under a reservation of rights. This Court disagrees. Commonwealth's duty to defend and indemnify Regions in the state court suit goes to the heart of this litigation. Under such circumstances, a failure to mitigate defense should have been reasonably obvious to Commonwealth the minute that Regions declined its offer, if not before that time. Indeed, it might have been a reasonably anticipatory defense even as early as April, when Commonwealth tendered the offer. Yet, Commonwealth waited an additional three-and-a-half months *after* Regions refused the offer before requesting leave to amend. Such conduct does not evince diligence.

In arguing otherwise, Commonwealth points out that by the time Regions rejected the coverage and defense offer in June, the deadline to amend the pleadings had already passed and, thus, it was impossible to meet the deadline set forth in the scheduling order no matter what. Commonwealth misunderstands the legal standard under Rule 16(b). A very similar argument

was rejected by the Eleventh Circuit in *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008), and again in *Southern Grouts & Mortars*, 575 F.3d at 1241-42. In both cases, it was of no consequence that the deadline to amend the pleadings had already passed at the time the plaintiff came upon the information necessitating amendment. In both cases, there was delay between discovering that information and in asking the court for leave to amend. *See Oravec*, 527 F.3d at 1232 (finding lack of diligence where the plaintiff waited some three months after learning of the need to amend before requesting leave); *Southern Grouts & Mortars*, 575 F.3d at 1241 n.3, 1242 (finding lack of diligence where the plaintiff "dallied too long" by waiting over a month after discovering the need to amend before requesting leave).

As to the contract illegality affirmative defense, Commonwealth merely argues that it should be allowed to amend because it is "a pure legal defense." Mot. at 6. But to admit as much dooms Commonwealth's request. Commonwealth does not even attempt to explain why it did not know about, or assert, this defense from the get-go. As "a purely legal defense," Commonwealth could be expected to assert it at the time it originally answered Regions's Complaint in April, not some five months later. So the Court finds that here, too, Commonwealth has failed to show the diligence required by Rule 16(b).

In attempting to avoid this result, Commonwealth expends much energy to show that amendment would not prejudice Regions in the least. This argument is a nonstarter, however, because "even if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made." *Ameritox, Ltd. v. Aegis Servs. Corp.*, 2008 WL 2705435, at *2 (S.D. Fla. July 9, 2008) (Marra, J.). In any case, the Court does not agree that no prejudice would befall Regions if amendment were allowed. Fact discovery is now closed. While Commonwealth muses that Regions won't need much discovery if amendment is allowed, that decision is not Commonwealth's to make. To inject two new defenses into the case at this stage will either prejudice Regions if discovery remains closed, or will unnecessarily and further delay this case if discovery is reopened. This Court is not interested in either scenario.

In sum, Commonwealth has not established "good cause" under Rule 16(b) and, therefore, is not entitled to leave to amend. Because Commonwealth filed the amended pleading without awaiting a ruling on its motion, the Court finds it appropriate to call upon the sparingly-used tool

offered by Rule 12(f). *See Rogers*, 2012 WL 2395194, at *1 n.1. Commonwealth's amended pleading shall be stricken from the docket forthwith.

## Conclusion

Accordingly, for the reasons stated above, it is hereby **ORDERED and ADJUDGED** that Commonwealth's Motion for Leave to Plead Two Additional Affirmative Defenses [ECF No. 151] is **DENIED** and Regions's Motion to Strike Commonwealth's Answer, Affirmative Defenses, and Counterclaim in Response to Plaintiff's Amended Complaint [ECF No. 180] is **GRANTED**. The Clerk shall **STRIKE** from the docket Commonwealth's Answer, Affirmative Defenses, and Counterclaim [ECF No. 162].

**DONE and ORDERED** in chambers at Miami, Florida on November 5, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of record