UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23257-CIV-SCOLA

REGIONS BANK,

    Plaintiff,
vs.

COMMONWEALTH LAND
TITLE INSURANCE CO.,

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on the Motion for Rehearing and Reconsideration of this Court's Order Denying Leave to Amend [ECF No. 201], filed by Defendant Commonwealth Land Title Insurance Co. ("Commonwealth). For the reasons explained below, the Motion for Reconsideration is denied.

## Introduction

The deadline to amend the pleadings was March 16, 2012. Commonwealth answered the Complaint on April 18, 2012. On September 20, 2012, Commonwealth filed its motion for leave to plead two additional affirmative defenses, arguing that amendment should be allowed under Federal Rules of Civil Procedure 16(b) and 15(a). By Order dated November 5, 2012, this Court denied Commonwealth's motion, finding that it was not diligent in seeking leave to assert the new defenses, as required under Rule 16(b). Dissatisfied with this ruling, Commonwealth now seeks reconsideration, arguing that the Court should not have applied Rule 16(b) and that it erred in failing to consider the effect of bifurcation, which was previously ordered in this matter.

## Legal Standards

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a

case, or where there is manifest injustice." *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

## Legal Analysis

The Court finds no occasion to revisit its ruling. In its original motion, Commonwealth argued that leave to amend should be allowed under the Rule 16(b) standard because, quite correctly, the deadline to amend the pleadings had passed several months before. The Court found that Commonwealth had not been diligent in seeking amendment and, consequently, that Rule 16(b) had not been satisfied. Now, dissatisfied with that outcome, Commonwealth argues for the first time, without a hint of shyness or embarrassment, that the Court really should not have applied the Rule 16(b) standard.

The reconsideration device cannot be used to tell the Court it erred in applying a legal standard that Commonwealth itself previously argued was correct. As one district court opined in rejecting a similar maneuver:

> [Defendant] does not now seek merely to raise an argument it could have but did not make [in its previous motion]. Instead, it seeks to repudiate a position it expressly did take [in that motion] and replace it with one more to its benefit. Whether or not the doctrine of "invited error" or anything akin to it has application in such a situation, it is clear that [defendant's] change of heart does not implicate any of the narrow grounds that can justify a motion to reconsider.

*Miss. Valley Title Ins. Co. v. Marion Bank & Trust Co.*, 2012 WL 5328644, at *2 (S.D. Ala. Oct. 26, 2012) (Steele, J.). Courts have rejected such attempts under various rubrics, whether it be waiver, judicial estoppel, or invited error – the point being that a party, in fairness, ought not be able to argue one thing, lose, and then take a different position later. *See, e.g.*, *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009); *Z.K. Marine Inc.*, 808 F. Supp. at 1563; *Vila*, 2005 WL 6104075, at *1. This Court won't allow it here.

Moreover, Commonwealth is mistaken in arguing that Rule 16(b) does not apply. Despite the position taken in its original motion, Commonwealth contends that Rule 16(b) cannot

possibly govern because its Answer was not due until a month after the deadline to amend had already passed. According to Commonwealth, under such circumstances "it was literally impossible for Commonwealth to meet an amendment deadline that pre-dated its Answer deadline." Mot. at 7. Thus, it maintains, "the Court has held Commonwealth to an incorrect burden based on an inapplicable deadline." Reply at 2. This Court disagrees. Just because the deadline to amend had already passed when Commonwealth first answered does not change the application of Rule 16(b). Commonwealth cites no authority to support its argument, and this Court is aware of none. The deadline had passed; therefore, Rule 16(b) applied. *See Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) ("where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause [under Rule 16(b)] why leave to amend the complaint should be granted"). Of course, Commonwealth might have recognized that the deadline to amend had passed at the time it answered and could have asked the Court to extend the deadline in order to bring Rule 15(a) back into play. But it did not do so, and there is no unfairness in holding Commonwealth to the consequences of its own decisionmaking.

Commonwealth also argues that the Court should have taken into account the fact that these proceedings were bifurcated in assessing prejudice to Plaintiff Regions Bank. Again, however, Commonwealth never raised this issue in its original motion. Moreover, even if considered, the fact of bifurcation would not change the Court's prior decision because prejudice is not the dispositive question under Rule 16(b). *See Smith v. West Facilities Corp.*, 2006 WL 898134, at *5 (S.D. Ala. Apr. 5, 2006) (Steele, J.) ("the Rule 16(b) inquiry does not turn on questions of prejudice."); *Moyer v. Walt Disney World Co.*, 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000) (Sharp, J.) (lack of prejudice immaterial to Rule 16(b) analysis). As one district court correctly explained:

> The issue is the integrity of the court's scheduling orders and pretrial deadlines, not the risk of harm to opposing parties. As for the interests of justice, the Court cannot agree that disallowing [a party's] amendment "will neither do justice nor further any legitimate ends." To the contrary, the orderly, efficient passage of lawsuits through the federal courts demands that the Federal Rules of Civil Procedure be followed, that the parties adhere to Scheduling Orders, and that parties act diligently to safeguard their rights and advance their positions.

*Smith*, 2006 WL 898134, at *5 (citation omitted).

## **Conclusion**

Reconsideration motions may not used "to permit losing parties to prop up arguments previously made or to inject new ones," nor "to relieve a party of the consequences of its original, limited presentation." *See Miss. Valley Title Ins. Co.*, 2012 WL 5328644, at *1. As Commonwealth's request for reconsideration seeks to do no more than that here, the Court finds no cause to revisit its prior decision.

Accordingly, for the reasons set forth above, it is hereby **ORDERED and ADJUDGED** that the Motion for Rehearing and Reconsideration of this Court's Order Denying Leave to Amend [ECF No. 201] is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida on December 14, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of record