**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 11-23257-Civ-SCOLA**

REGIONS BANK,

    Plaintiff,

vs.

COMMONWEALTH LAND
TITLE INSURANCE CO.,

    Defendant.

_____/

**ORDER DENYING CROSS MOTIONS TO EXCLUDE OR**
**LIMIT EXPERT WITNESS TESTIMONY**

THIS MATTER is before the Court on the parties' several motions to exclude or limit the testimony from their opponent's expert witness.

### A. Legal Standard

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The threshold question in determining the admissibility of an expert's testimony is whether the testimony helps the fact finder resolve an ultimate issue in the case.[1] *See* Fed. R. Evid. 702 advisory committee's note; *accord* Fed. R. Evid. 704 advisory committee's note. While an opinion is not objectionable just because it embraces an ultimate issue, testimony that offers nothing more than what lawyers for the parties can argue in closing arguments is not helpful. Fed. R. Evid. 704(a); *United States v. Frazier*, 387 F.3d 1244, 1262-63 (11th Cir. 2004). "If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee's note.

---

[1] An "ultimate issue" is "[a] not-yet-decided point that is sufficient either in itself or in connection with other points to resolve the entire case." *Black's Law Dictionary* 908 (9th ed. 2009).

### B. Discussion

A review of the experts' reports reveals that each expert in this case - Richard A. Wood, Esq. for Commonwealth and Michael Rothman, Esq. for Regions Bank – has offered some opinions that cross the line from helpful expert testimony to merely telling the Court how to rule, or what facts to find.  On the other hand, each expert appears to be qualified to assist the Court by offering expert opinions as to certain matters relating to this action.  Specific objections can be addressed at trial, but both experts should be prepared to support any opinion with the proper foundation as set forth in the advisory committee's notes to the Federal Rules of Evidence.  Any expert testimony offered in this case must explain how the expert's experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts

### C. Conclusion

For the reasons explained in this order, Commonwealth's Motion to Strike the Declaration of Michael Rothman, offered by Regions Bank's in support of its summary-judgment motion (ECF No. 239) is **DENIED**.  Regions Bank's Motion *in Limine* To Exclude Expert Opinions of Richard Wood (ECF No. 257) is **DENIED**.  Relatedly, Commonwealth's Motion *in Limine* and *Daubert* Motion (ECF No. 258) is **DENIED**.  Because the evidentiary issues raised in the motions *in limine* are not clearly inadmissible, these issued will be deferred until trial to allow these matters to be resolved in context. *Stewart v. Hooters of Am., Inc.*, No. 04-cv-40, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007).

**DONE and ORDERED** in chambers, at Miami, Florida, on June 26, 2013.

```
_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE
```